UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **DAVID DOMINGUEZ,**<br>on behalf of himself and all others similarly situated<br><br>       Plaintiff,<br><br>v.<br><br>**MEDLINE INDUSTRIES, INC.,**<br><br>       Defendant. | **CIVIL ACTION NO. 4:19-cv-61** |

**PLAINTIFF'S ORIGINAL COMPLAINT – FLSA COLLECTIVE ACTION**

1.     Plaintiff David Dominguez ("Plaintiff"), on behalf of himself and all other "similarly situated" workers of Defendant Medline Industries, Inc. (hereinafter "Defendant"), files this lawsuit to recover unpaid overtime compensation, liquidated damages, attorneys' fees, and costs under the provisions of section 216(b) of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended 29 U.S.C. §§ 201, *et seq*.

**JURISDICTION AND VENUE**

2.     This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 1331 as this case involves questions of federal law, specifically the FLSA.

3.     This Court has personal jurisdiction over Defendant because Defendant operates in Texas and hired employees in Texas.

4.     Venue is proper in this District because a substantial portion of the events forming the basis of this suit occurred in this District, including many of the wrongs herein alleged.

1

## PARTIES AND PERSONAL JURISDICTION

5.      Plaintiff David Dominguez is an individual residing in Harris County, Texas. His written consent form to this action is attached hereto as Exhibit 1.

6.      "Class Members" constitutes all individuals classified by Defendant as an independent contractor, who were hourly paid and who worked for Defendant as a warehouse laborer at any time during the three year period prior to the filing of this Complaint to the present.

7.      Defendant Medline Industries, Inc. is a foreign for-profit corporation doing business in Texas. Defendant can be served with process by serving its registered agent as follows: Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3136.

## COVERAGE

8.      At all material times, Defendant has been an employer within the meaning of the FLSA.  29 U.S.C. § 203(d).

9.      At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had and continues to have employees engaged in commerce or the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

10.     At all material times, Defendant has had an annual gross business volume in excess of the statutory standard of $500,000.

11.     At all material times, Plaintiff and the Class Member were employees engaged in commerce or the production of goods for commerce as required by 29 U.S.C. § 207.

**FACTS**

12. Defendant is the largest privately held manufacturer and distributor of medical supplies for large healthcare systems, independent physician practices, and home health patients and their families. *See* https://www.medline.com/pages/about-us/our-company/

13. To do this work, Defendant employs warehouse laborers. Defendant's warehouse laborers process, organize and ship customer orders.

14. For this work, the laborers were paid an hourly rate of pay. They regularly worked 55 hours each week (11 hours per day, five days a week).

15. When the laborers worked more than 40 hours in a week, they were not paid any additional wages for overtime. That is because Defendant misclassified these workers as independent contractors.

16. Plaintiff worked as a warehouse laborer for Defendant and was classified as an independent contractor. He worked for Defendant from April 2018 to October 2018.

17. He was paid an hourly rate of $12. Like the Class Members, Plaintiff was not paid any additional wages for overtime because he was misclassified as an independent contractor.

18. Plaintiff regularly worked overtime hours for Defendant. On average, Plaintiff worked 15 hours of overtime each week. He was required to work 11 hours per day, five days a week.  He was given a work schedule by Defendant.

19. Plaintiff and the Class Members were not independent contractors, but were employees.

20. Defendant hired/fired, issued pay, supervised, directed, disciplined, scheduled and performed all other duties generally associated with that of an employer with regard to Plaintiff and the Class Members.

21. In addition, Defendant instructed Plaintiff and the Class Members about when, where, and how they were to perform his work.

22. Moreover, the following conduct demonstrates that Defendant acted as an employer with respect to Plaintiff and the Class Members:

   a. Defendant required Plaintiff and the Class Members to report to his assigned job site at a set time;

   b. Defendant required Plaintiff and the Class Members to request time off in advance and have that time away from work preapproved;

   c. Defendant set forth the required procedures to be followed and the order and manner in which Plaintiff and the Class Members were to perform his work;

   d. Plaintiff and the Class Members faced termination if they failed to perform his work in the manner required by Defendant;

   e. Defendant assigned Plaintiff and the Class Members a substantial number of hours of work per week;

   f. Plaintiff's and the Class Members' services were integrated into Defendant's operations;

   g. Plaintiff and the Class Members constituted the workforce without which Defendant could not perform his services;

   h. Plaintiff and the Class Members worked for Defendant for long periods of time as is common with employees;

   i. Plaintiff and the Class Members are paid by the hour, not per the job or task;

j.  Plaintiff and Class Members worked alongside other warehouse workers who did the exact same type of work and reported to the same managers, but who were classified as W-2 employees and paid overtime at the federally mandated rate;

k.  Plaintiff and Class Members were trained alongside their W-2 counterparts because they were assigned to complete the same tasks; and

l.  Defendant maintained the right to discharge Plaintiff and the Class Members at any time.

23. Furthermore, the degree of investment Plaintiff and the Class Members made to perform his work pales in comparison to the expenses Defendant incurred.

24. Further, Plaintiff and the Class Members performed work that was integral to the operations of Defendant.

25. Moreover, Defendant supervised and controlled the activities of Plaintiff and the Class Members. Defendant monitored his work, reviewed his work, issued instructions, and directed his work in the manner deemed sufficient by Defendant.

26. Despite these facts, Defendant improperly classified Plaintiff and the Class Members as independent contractors and not as employees.

27. Defendant misclassified the Plaintiff and the Class Members as independent contractors to avoid the obligation to pay these employees overtime.

28. However, at all times, Plaintiff and the Class Members were employees of Defendant.

29. Although Plaintiff and the Class Members has been required to work more than forty (40) hours per work-week, and did so frequently, they were not compensated at the FLSA mandated time-and-a-half rate for overtime hours.

30. No exemption applies to Plaintiff or the Class Members.

31. Defendant's method of paying Plaintiff and the Class Members in violation of the FLSA was willful and was not based on a good faith and reasonable belief that its conduct complied with the FLSA. Defendant's pay scheme was not by accident, but a well thought out plan to reduce its labor costs. Defendant knew the requirement to pay overtime to its employees (as it pays its W-2 warehouse workers for overtime), but intentionally and/or recklessly chose not to do so. Accordingly, Defendant's violations of the FLSA were willful.

## FLSA COLLECTIVE ACTIONS

32. Plaintiff seeks to bring his claims under the FLSA on behalf of himself and all other similarly situated workers of Defendant. Those who file a written consent will be a party to this action pursuant to 29 U.S.C. § 216(b). Plaintiff seeks unpaid wages, liquidated damages, court costs, and attorneys' fees on behalf of the Class.

33. Plaintiff has actual knowledge that the Class Members have also been denied overtime pay for hours worked over forty hours per workweek. That is, Plaintiff worked with other warehouse laborers of Defendant and as such, has first-hand personal knowledge of the same pay violations throughout Defendant's operations.

34. Other workers similarly situated to the Plaintiff work or have worked for Defendant, but were not paid overtime at the rate of one and one-half their regular rate when those hours exceeded forty hours per workweek.

35. Although Defendant permitted and/or required the Class Members to work in excess of forty hours per workweek, Defendant has denied them full compensation for their hours worked over forty.

36. The Class Members perform or have performed the same or similar work as the Plaintiff.

37. The Class Members regularly work or have worked in excess of forty hours during a workweek.

38. Like Plaintiff, the Class Members were not paid overtime.

39. Like Plaintiff, the Class Members were classified as independent contractors.

40. Like Plaintiff, the Class Members were hourly paid.

41. Like Plaintiff, the Class Members worked in Defendant's warehouses located nationwide.

42. The Class Members are not exempt from receiving overtime under the FLSA.

43. As such, the Class Members are similar to the Plaintiff in terms of job duties, pay structure, misclassification as independent contractors and/or the denial of overtime.

44. Defendant's failure to pay overtime compensation required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the Class Members.

45. The experience of the Plaintiff, with respect to his pay, and lack thereof, is typical of the experiences of the Class Members.

46. The specific job titles or precise job responsibilities of each Class Member does not prevent collective treatment.

47. All Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek.

48. Although the exact amount of damages may vary among Class Members, the damages can be easily calculated by a simple formula. The claims of all Class Members arise from

a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all Class Members.

49. As such, the Class of similarly situated workers is properly defined as follows:

**All individuals classified by Defendant as an independent contractor, who were hourly paid and worked for Defendant as a warehouse laborer at any time during the three year period prior to the filing of this Complaint to the present.**

## FIRST CAUSE OF ACTION
### Violation of the FLSA—Collective Action
### (Failure to Pay Overtime)

50. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

51. 29 U.S.C. § 216(b) allows Plaintiff to assert FLSA claims on behalf of himself and all other employees similarly situated. Plaintiff asserts this claim on behalf of himself and all similarly situated employees in the Class defined above, who worked for Defendant at any time from the three years prior to the date the Complaint was originally filed continuing through the present. All requirements for a collective action are met.

52. 29 U.S.C. § 207 requires Defendant to pay all employees for each hour worked in excess of 40 at a rate equal to one and one half times the regular rate of pay.

53. Defendant failed to pay Plaintiff and the Class Members overtime.

54. Based on the foregoing, Plaintiff and the Class Members are entitled to the full statutory overtime as set forth in 29 U.S.C. § 207 for all periods in which they worked for Defendant.

55. They are also entitled to all wages that were wrongfully deducted from their pay.

56. Defendant's conduct was willful and was done with the intent to avoid paying them overtime and other benefits that they are legally entitled.

57. Plaintiff and Class Members are not exempt from the overtime requirements under the FLSA.

58. The FLSA provides that a private civil action may be brought for the payment of federal minimum wages and overtime together with an equal amount in liquidated damages. Moreover, Plaintiff and the Class Members are entitled to recover attorneys' fees and costs incurred in enforcing his rights pursuant to 29 U.S.C. § 216(b).

59. 29 U.S.C. § 211(c) provides in relevant part:

> Every employer subject to any provision of this chapter or of any order issued under this chapter shall make, keep, and preserve such records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him, and shall preserve such records for such periods of time, and shall make such reports therefrom to the Administrator as he shall prescribe by regulation or order as necessary or appropriate for the enforcement of the provisions of this chapter or the regulations or orders thereunder.

60. 29 C.F.R. § 516.2 further requires that every employer shall maintain and preserve payroll or other records containing, without limitation, the total hours worked by each employee each workday and total hours worked by each employee during the workweek.

61. To the extent Defendant failed to maintain all records required by the aforementioned statute and regulations, and failed to furnish to Plaintiff and the Class Members comprehensive statements showing the hours they worked during the relevant time period, they also violated the law.

62. When an employer fails to keep accurate records of hours worked by its employees, the rule in *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-688 is controlling. That rule states:

> [W]here the employer's records are inaccurate or inadequate. . .an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient

evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from the employee's evidence. If the employer failed to produce such evidence, the court may then award damages to the employee, even though the result be only approximate.

63. The Supreme Court set forth the above standard to avoid allowing the employer to benefit by failing to maintain proper records. Where damages are awarded pursuant to the standard in *Mt. Clemens*, "[t]he employer cannot be heard to complain that the damages lack the exactness and precision of measurement that would be possible had he kept records in accordance with. . .the Act." *Id.*

64. Based on the foregoing, on behalf of the Class Members, Plaintiff seeks unpaid overtime at the required legal rates for all his work during the relevant time period, back pay, reimbursement of all wrongful deductions, restitution, liquidated damages, attorneys' fees and costs, and any other relief allowed by law.

## JURY DEMAND

65. Plaintiff demands a trial by jury on all issues so triable.

## Prayer For Relief

66. Plaintiff, on behalf of himself and the Class Members, defined above, prays for relief as follows:

    A. Determining that the FLSA claims stated herein may proceed as a collective action;

    B. Declaring that Defendant committed multiple, separate violations of the FLSA;

    C. Declaring that Defendant acted willfully in deliberate or reckless disregard of Plaintiff's rights and its obligations under the FLSA;

    D. Awarding actual and statutory damages, unpaid overtime wages, liquidated damages, reimbursement for all withheld deductions, and penalties as authorized by the FLSA;

E.  Awarding reasonable attorneys' fees and costs as provided by the FLSA; and

F.  Granting such other and further relief, in law or equity, as this Court may deem appropriate and just.

DATE: January 7, 2019

                                        Respectfully submitted,

                                        SHELLIST | LAZARZ | SLOBIN LLP

By:   */s/ Mark G. Lazarz*
        Mark G. Lazarz
        Texas Bar No. 12069100
        mlazarz@eeoc.net
        Ricardo J. Prieto
        Texas Bar No. 24062947
        rprieto@eeoc.net
        11 Greenway Plaza, Suite 1515
        Houston, Texas 77046
        Telephone: (713) 621-2277
        Facsimile: (713) 621-0993
        ATTORNEYS FOR PLAINTIFF &
        CLASS MEMBERS